**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4097**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JUSAMUEL RODRIGUEZ MCCREARY,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00190-RJC-1)

Submitted: January 27, 2009          Decided: March 13, 2009

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John J. Cacheris, DOZIER, MILLER, POLLARD & MURPHY, LLP, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jusamuel Rodriguez McCreary pleaded guilty, pursuant to a plea agreement, to interfering with commerce by robbery, in violation of 18 U.S.C. §§ 1951, 2 (2006), and use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 2 (2006), and was sentenced to 271 months' imprisonment. McCreary's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel states that in his view, there are no meritorious issues for appeal, but he questions whether the court erred in designating McCreary as a career offender, in assessing criminal history points for certain juvenile convictions, and in denying McCreary's motions for a departure and a variance sentence.[1] McCreary was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

McCreary's counsel first questions whether McCreary's 2004 and 2005 North Carolina state convictions properly served as predicate felonies for purposes of designating McCreary as a career offender because McCreary committed those offenses before he was eighteen years of age. A defendant is a career offender when (1) he was at least eighteen at the time of the instant offense;

---

[1]McCreary's counsel also notes that McCreary waived his right to appeal in his plea agreement. Because the Government does not seek to enforce the waiver, we decline to address it. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)).

2

(2) the instant offense was a felony crime of violence or a felony controlled substance offense; and (3) the defendant has at least two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). A "prior felony conviction" is defined as a "prior adult federal or state conviction." USSG § 4B1.2, comment. (n.1). "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted . . . ." Id.

On both counts, McCreary was convicted and sentenced in North Carolina Superior Court. Thus, his convictions were "necessarily adult convictions" and properly considered as prior felony convictions for career offender purposes. See United States v. Allen, 446 F.3d 522, 528 (4th Cir. 2006).

McCreary's counsel next challenges the assessment of criminal history points for certain juvenile convictions. This argument has no practical significance because McCreary's criminal history category was controlled by his status as a career offender. USSG § 4B1.1(b). Nevertheless, with respect to two of the three convictions McCreary identifies, because the convictions were imposed outside of the five-year window specified in USSG § 4A1.2(d)(2)(B), no criminal history points were assessed. As to the third conviction, because the sentence was imposed within five

3

years of the current offense, one criminal history point was correctly assessed.

McCreary's counsel next questions the district court's refusal to grant a downward departure pursuant to USSG § 4A1.3(b)(1) (authorizing departure on the ground that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history). The record confirms the district court considered McCreary's written and oral arguments in support of a departure. It is thus apparent that the court understood its authority to depart and simply chose not to do so. As there is no evidence of an unconstitutional motive or a mistaken view that it lacked the authority to depart, the district court's decision declining to depart is not reviewable. See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008).

Finally, McCreary's counsel questions whether the district court erred by refusing to impose a variance sentence below the advisory guideline range. A district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory guideline range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006) and determine an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence is for abuse of discretion. Id. at 597; United States v. Pauley, 511 F.3d 468,

473 (4th Cir. 2007). We must first ensure that the district court committed no significant procedural error, such as failing to properly calculate the guideline range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. <u>Gall</u>, 128 S. Ct. at 597. At the sentencing hearing in this case, the district court appropriately treated the guidelines as advisory, considered the relevant factors under § 3553(a), and sentenced McCreary at the bottom of the properly calculated guideline range.

Turning to the substantive reasonableness of McCreary's sentence, we presume that a sentence imposed within the properly calculated guideline range is reasonable. <u>United States v. Go</u>, 517 F.3d 216, 218 (4th Cir. 2008); <u>see</u> <u>Rita v United States</u>, 551 U.S. __, __-__, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentences). Nothing in the record rebuts the presumption that McCreary's within-guidelines sentence imposed by the district court was reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm McCreary's convictions and sentence and deny counsel's motion to withdraw. This court requires that counsel inform McCreary, in writing, of his right to petition the Supreme Court of the United States for further review. If McCreary

5

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCreary.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED